**Pedero Antonio SANCHEZ–QUIEL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70712.

INS No. A71–951–093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2000.

Decided Feb. 16, 2001.

As Corrected March 12, 2001.

Before B. FLETCHER, O'SCANNLAIN, and GOULD, Circuit Judges.

MEMORANDUM *

Pedro Antonio Sanchez–Quiel ("Petitioner") petitions for review of his final order

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of deportation entered by the Board of Immigration Appeals ("BIA") on May 21, 1999. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Petitioner was served with an order to show cause ("OSC") on May 10, 1996— approximately six years and eight months after he entered the United States. At a hearing on May 7, 1997, the Immigration Judge denied Petitioner's application for suspension of deportation because Petitioner had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625 ("IIRIRA")—bars such relief in his case.[1] Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, No. 99–70918 (9th Cir. filed Feb. 8, 2001).

PETITION DENIED.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In his opening brief, Petitioner raised various claims related to the internal directives issued by the Chief Immigration Judge and the Chairman of the BIA. Through his counsel, Petitioner withdrew these claims during oral argument.